UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
 )
v. )  NO. 2:11-CR-35(01)
 )
FRANK QUINTON GAITOR )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), based on Amendment 782 to the United States Sentencing Guidelines, which lowers by two levels the base offense level for many drug offenses and which was made retroactive on November 1, 2014. [Doc. 118]. The United States has filed a response arguing that the defendant is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) because the defendant's guideline range was based upon his career offender classification, and, because Amendment 782 does not reduce the career offender guidelines, Amendment 782 does not lower the applicable guideline range in this case. [Doc. 119].

I. **Facts**

On November 29, 2011, the defendant pled guilty Count One of the indictment charging him him with a conspiracy to distribute and to possess with the intent to distribute 28 grams or more of of cocaine base or crack in violation of Title 21 U.S.C. §§ 846 and 841(b)(1)(B). [Doc. 57]. The presentence investigation report prepared by United States Probation established an advisory guideline range of 262 to 327 months imprisonment based upon the defendant's status as a "Career "Career Offender" under Sentencing Guideline §4B1.1. The government filed a motion for downward departure based on the defendant's substantial assistance on April 9, 2012, recommending

recommending a two level reduction in the defendant's total offense level which resulted in a guideline range of 210 to 262 months. [Doc. 70] On July 15, 2011, the defendant was sentenced to sentenced to 188 months of imprisonment. [Doc. 84] The defendant is currently scheduled for release from the custody of the Bureau of Prisons on November 21, 2026.

## II.    Discussion

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Because the defendant was determined to be a career offender under Sentencing Guideline Section 4B1.1(a), the defendant's offense level and criminal history category were both determined by reference to Subsection (b) of that guideline, and not the quantity of drugs for which he was held responsible. Consequently, the defendant's guideline range has not been lowered as a result of Amendment 782's reduction to the Drug Quantity Table in Section 2D1.1. See, e.g., *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir.2013) (Court held that previous amendments to drug quantity table did not apply to lower sentence of Career Offender).

## III. Conclusion

Accordingly, it is hereby **ORDERED** that the defendant's motion for reduction of his sentence [Doc. 118], is **DENIED.**

ENTER:

_____
/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

2