# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | No. 2:11-CR-35-JRG-1 |
| FRANK QUINTON GAITOR | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court are Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 160], which is opposed by the Government [Doc. 170], and Defendant's motion to hold case in abeyance [Doc. 172]. For the reasons that follow, Defendant's motions will be denied.

### I. BACKGROUND

In May of 2012, Defendant was sentenced to 188 months of imprisonment based on his conviction for conspiracy to distribute and possession with the intent to distribute twenty-eight (28) grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) [Doc. 86]. Defendant is presently housed at FCI Manchester, and his projected release date is April of 2028. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited May 24, 2022). He moves for compassionate release based on his health conditions amid the COVID-19 pandemic and his rehabilitation [Doc. 160].

### II. MOTION TO HOLD CASE IN ABEYANCE

As a threshold matter, Defendant's motion for an abeyance will be denied. Defendant asks the Court to delay ruling on his compassionate release motion until the Sixth Circuit's *en banc*

resolution *United States v. McCall* [Doc. 172]. *McCall* concerns the question of whether nonretroactive changes in sentencing law can support a finding of extraordinary and compelling reasons for compassionate release. However, as the Government points out, Defendant has not cited a change in sentencing law as a basis for relief [Doc. 173]. Therefore, abeyance is not warranted.

   III.   **COMPASSIONATE RELEASE**

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), district courts can modify a term of imprisonment if "extraordinary and compelling reasons" justify a sentence reduction and a reduction is consistent with the relevant factors in 18 U.S.C. § 3553(a). *See also United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "federal judges" have "full discretion to define 'extraordinary and compelling'" without reference to U.S. Sentencing Commission policy statement § 1B1.13). Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *Jones*, 980 at 1105.

Defendant submitted a request for compassionate release to the warden at his prison and more than thirty days have passed since he made that request [Doc. 160-1]. Thus, the Court has authority to consider the merits of Defendant's motion.

Defendant is fifty-three (53) years old and medical records from the Bureau of Prisons ("BOP") show that he suffers from stage 1 chronic kidney disease, diabetes, and hypertension, among other conditions [Doc. 171, at 73–74]. The CDC has concluded that kidney disease and

diabetes "can" increase the risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 24, 2022). The same is "possibly" true of hypertension. *Id.* Therefore, Defendant may be at an increased risk of serious complications from COVID-19.

However, Defendant's conditions are not severe. BOP classifies him as a Care Level 1 [Doc. 170-2], indicating that he is generally healthy with limited medical needs. *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited May 24, 2022). Significantly, Defendant contracted COVID-19 in January of 2021 and recovered [Doc. 171, at 76]. Also, Defendant is fully vaccinated [*Id.* at 81, 97, 121]. Defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Given the foregoing facts, Defendant's health conditions amid the COVID-19 pandemic are not extraordinary and compelling.[1]

In addition to his health concerns, Defendant also asks the Court to consider his rehabilitative efforts [Doc. 160, at 2; *see also* Doc. 170-5]. The Court commends Defendant for his work with UNICOR and the educational classes he has completed. However, rehabilitation by itself cannot serve as the basis for a sentence reduction. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for

---

[1] The Court also notes that COVID-19 appears to be fairly well controlled at Defendant's prison. FCI Manchester currently reports zero inmate cases and zero staff cases of COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, http://bop.gov/coronavirus/ (last visited June 24, 2022).

compassionate release.).

Accordingly, the Court finds that Defendant has not shown extraordinary and compelling reasons for a sentence reduction.

## IV. CONCLUSION

Defendant's motion for compassionate release [Doc. 160] and motion to hold case in abeyance [Doc. 172] are therefore **DENIED**.

**SO ORDERED.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE